JANETTE WIPPER (#275264)
  Chief Counsel
  Janette.Wipper@dfeh.ca.gov
MELANIE PROCTOR (#228971)
  Assistant Chief Counsel
  Melanie.Proctor@dfeh.ca.gov
SIRITHON THANASOMBAT (#270201)
  Senior Staff Counsel
  Siri.Thanasombat@dfeh.ca.gov
JEANETTE HAWN (#307235)
  Staff Counsel
  Jeanette.Hawn@dfeh.ca.gov
DEPARTMENT OF FAIR EMPLOYMENT
  AND HOUSING
2218 Kausen Drive, Suite 100
Elk Grove, CA  95758
Telephone: (916) 478-7251
Facsimile:  (888) 382-5293

Attorneys for Plaintiff
Department of Fair Employment and Housing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., a California Corporation; SUNDAR IYER, an individual; RAMANA KOMPELLA, an individual,<br><br>Defendants. | Case No. 5:20-cv-04374-EJD<br><br>**PLAINTIFF DFEH'S EX PARTE APPLICATION TO EXTEND TIME FOR SERVICE ON DEFENDANTS** |

The California Department of Fair Employment and Housing (DFEH) brings this Ex Parte Application to Extend Time for Service on Defendants pursuant to Rule 4(m) of the Rules of Civil Procedure and Civil Local Rule 7-10. DFEH respectfully requests an extension of time for service on Defendants Cisco Systems, Inc., Sundar Iyer, and Ramana Kompella in light of the showing of good cause.

Good cause exists for the extension of time for service.  Under Rule 4(m):

-1-

*Dept. Fair Empl. & Hous. v. Cisco Systems, Inc., et al.*, Case No.: 5:20-cv-04374-EJD
Ex Parte Application for Extension of Time for Service on Defendants

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

DFEH filed its Complaint alleging violations of Title VII and the Fair Employment and Housing Act on June 30, 2020. Ninety (90) days after the filing of the Complaint is September 28, 2020. Through email from Defendants' known counsel Ms. Jennifer Lotz, all three Defendants agreed to waive service of the summons and Complaint. On or around September 14, 2020, Ms. Lotz approached DFEH seeking a stipulation to amend the case management schedule because she stated she no longer represents the two individual Defendants, Mr. Iyer and Mr. Kompella. She requested additional time for them to secure separate counsel and for new counsel to become familiar with the case. DFEH agreed to the extension of time. When DFEH asked Ms. Lotz to confirm Mr. Iyer's and Mr. Kompella's addresses for service, she emailed back stating that she would still accept service on their behalf, even though she no longer represented them. Declaration of Siri Thanasombat in Support of Ex Parte Application to Extend Time for Service on Defendants ("Thanasombat Dec.") ¶¶ 3-7.

DFEH contacted Ms. Lotz to inquire whether she would accept electronic service of the waiver and return it so it could be filed on September 28, 2020. Ms. Lotz indicated that she had to check with her client. On Saturday, September 26, 2020, Ms. Lotz informed DFEH that her firm no longer represents any of the three Defendants in this matter, and thus, she is no longer authorized to accept service on behalf of any Defendant. Thanasombat Dec. ¶¶ 8, 9. DFEH served corporate Defendant Cisco Systems, Inc. on Monday, September 28, 2020, prior to filing this request. Thanasombat Dec. ¶ 10. In the event personal service is not effected by September 28, 2020, DFEH respectfully requests an extension of time for service on Defendants.

Upon a showing of good cause, Rule 4(m) requires a district court to grant an extension of time. *Efaw v. Williams*, 473 F.3d 1038, 10401 (9th Cir. 2007) (citing former 120-day provision). The rule also permits the district court to grant an extension even in the absence of good cause. *Id.; see also Henderson v. United States*, 517 U.S. 654, 661 (1996) (recognizing that the "provision operates

-2-

*Dept. Fair Empl. & Hous. v. Cisco Systems, Inc., et al.*, Case No.: 5:20-cv-04374-EJD
Ex Parte Application for Extension of Time for Service on Defendants

not as an outer limit subject to reduction, but as an irreducible allowance"). While not limitless, the Court's discretion to extend time for service under Rule 4(m) is broad. *Efaw*, 473 F.3d at 1041.

In exercising its discretion, courts have considered factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* Here, the totality of the circumstances favor granting the extension of time for service. First, Defendants' late changes in counsel have impeded Plaintiff's prosecution of the case. Second, there is little to no prejudice to Defendants since each expected to be served with the Complaint and already have waived service of summons. Third, each Defendant has actual notice of the lawsuit as the Parties recently stipulated to amend the Case Management Schedule (ECF-13). Fourth, Plaintiff has made good-faith efforts to ensure service before time elapsed by contacting known counsel for Defendants, requesting Defendants accept electronic service of the notice and waiver form, arranging for personal service on each Defendant, and filing this Ex Parte Application. *See Mann v. American Airlines*, 324 F.3d 1088, 1089-91 (9th Cir. 2003) (granting extension of time when plaintiff took timely steps to serve summons after it had been put on notice); *Higley v. Cessna Aircraft Co.*, 2012 WL 12878652, at *2 (C.D. Cal. Sept. 18, 2012) (granting extension of time even when plaintiff had not attempted service on defendant before filing ex parte application).

In light of the showing of good cause, DFEH requests that the Court permit additional time for Plaintiff to effect service on Defendants.

Dated: September 28, 2020

Respectfully submitted,

DEPARTMENT OF FAIR EMPLOYMENT
 AND HOUSING

By: _____/s/ Siri Thanasombat_____
SIRI THANASOMBAT
Senior Staff Counsel
Attorneys for Plaintiff
CALIFORNIA DEPARTMENT OF
FAIR EMPLOYMENT AND HOUSING

**~~PROPOSED~~ ORDER**

IT IS SO ORDERED. The DFEH shall have an additional ~~90~~ 45 days to serve Defendants, until Novemer 13, ~~December 28~~, 2020.

_____
HON. EDWARD J. DAVILA
United States District Judge

-4-

*Dept. Fair Empl. & Hous. v. Cisco Systems, Inc., et al.*, Case No.: 5:20-cv-04374-EJD
Ex Parte Application for Extension of Time for Service on Defendants